IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARION GOVAN, AIS 221463, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-568-MHT-CSC ) (WO) |
| CLERK OF COURTS, | ) ) |
| Defendant. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Marion Govan, an Alabama inmate, requests an order compelling the Clerk of Courts for the United States District Court for the Middle District of Alabama ("Clerk") to answer questions in a "three-point questionnaire" that Govan says he submitted to the Clerk. Doc. 1. The court liberally construes Govan's request as a petition for a writ of mandamus. For the reasons stated below, the court finds that the petition for a writ of mandamus should be denied.

### II. DISCUSSION

Although his petition is exceedingly unclear, Govan appears to allege that he submitted a questionnaire to the Clerk with three questions of his own devising, and that the Clerk is constitutionally obligated to answer each question either "True" or "False." *See* Doc. 1 at 3–4; Doc. 1-1. Govan attaches the handwritten questionnaire to his petition. Doc. 1-1. His three questions, which are vague where they are not unintelligible, are as follows:

> (1) Does this Honorable District Court, Middle District Court of Alabama of Montgomery, AL, has understanding of its power under election of House of Congress?
>
> . . . .
>
> (2) Under Federal Court's Rule(s) of its law(s), "refer(s) to ownership" if questioned by owner phase before any holder [illegible] owner, he nor she shall not lie, but make known to the owner by right etc.; so does not (I) the petitioner own the state of Montgomery Alabama?
>
> . . . .
>
> (3) Does not this Honorable District Court upon record(s) has knowledge of petitioner's conviction-&-sentencing state(s) under order of the court(s) probate judge(s) Marion Govan conviction-&-sentence(s) has been officially acquitted-&-remanded as terminated indefinitely etc.?

Doc. 1-1 at 2.

It is not clear what state conviction and sentence Govan is referring to in Question 3 of his questionnaire. He is now serving concurrent life sentences for convictions for murder and attempted murder entered in the Circuit Court of Barbour County in 2002.[1] There is no evidence that those convictions have been set aside or "terminated," and Govan does not explain why it is important that this court know the status of his state court convictions.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Mandamus relief is proper only if: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252,

---

[1] *See* inmate history for Govan at the Alabama Department of Corrections' website, https://doc.alabama.gov/InmateHistory.

2

1258 (11th Cir. 2003). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289, (1988), citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953).

Govan fails to meet his burden of showing his right to issuance of the writ of mandamus. He fails to demonstrate his clear right to an order compelling answers to the questions in his questionnaire, and he fails to demonstrate that the Clerk has "a clear duty to act" by answering those questions. Because he has not shown his clear right to relief or the Clerk's clear duty to act, his request for a writ of mandamus lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i).[2]

### III. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Govan's petition for a writ of mandamus (Doc. 1) be DENIED and that this case be DISMISSED with prejudice.

It is also ORDERED that the parties shall file any objections to this Recommendation by **September 23, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made;

---

[2] Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the court finds that a complaint or petition is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint or petition is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 9th day of September, 2024.

                               /s/ Charles S. Coody
                               CHARLES S. COODY
                               UNITED STATES MAGISTRATE JUDGE